**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
John P. O'Toole, Esq. (Atty. I.D. No. 38791989)
Kristine Y. Pegno, Esq. (Atty. I.D. No. 325222020)
7 Giralda Farms
Madison, New Jersey 07940
Tel: (973) 624-0800
Fax: (973) 624-0808
john.otoole@wilsonelser.com; kristine.pegno@wilsonelser.com
*Attorneys for Defendant, Cardinal Health 200, LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

### NEWARK VICINAGE

| | | |
|---|---|---|
| SHAWN STEWART | : | Civil Action No.: |
| Plaintiff, | : | |
| v. | : | **NOTICE OF REMOVAL** |
| CARDINAL HEALTH 200, LLC; JOHN DOE INCORPORATED 1-5; JOHN DOE 1-5 (fictitious designations), | : | |
| Defendants. | : | |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Defendant, Cardinal Health 200, LLC (hereinafter, "Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman and Dicker LLP, hereby files this Notice of Removal for the removal of this case from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey pursuant to 28 *U.S.C.* § 1332(a) and 28 *U.S.C.* § 1441, *et seq.* In support thereof, Defendant states as follows:

315174666v.1

1. On or about May 21, 2025, Plaintiff, Shawn Stewart ("Plaintiff"), commenced an action against Defendant and fictitiously-named parties, in the Superior Court of New Jersey, Law Division, Middlesex County, captioned *Shawn Stewart v. Cardinal Health 200, LLC, et al.*, Docket No.: MID-L-003071-25 (the "State Court Action"). A true and correct copy of Plaintiff's Complaint filed on May 21, 2025, is annexed hereto as **Exhibit A**.

2. The Complaint alleges that Plaintiff sustained bodily injuries in a trucking accident which allegedly occurred on May 2, 2024, while Plaintiff "was traveling southbound on the County Ave, at or near its intersection with County Road, Secaucus, County of Hudson and State of New Jersey." *See* Exhibit A, at ¶ 7.

3. Defendant was served with a copy of the Summons and Complaint on May 27, 2025. A true and correct copy of the Service of Process Notification with attached Summons and Complaint is annexed hereto as **Exhibit B**. A true and correct copy of the Affidavit of Service, filed with the Court on June 2, 2025, is annexed hereto as **Exhibit C**.

4. Thus, this notice of removal is timely filed pursuant to 28 *U.S.C.* § 1446(b), having been filed within thirty (30) days after receipt by Defendant of the Summons and initial Pleading setting forth Plaintiff's claims for relief against Defendant.

## THIS ACTION IS REMOVABLE ON THE BASIS OF DIVERSITY OF CITIZENSHIP JURISDICTION

5. 28 U.S.C. §1332(a)(1) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." The party seeking removal bears the burden of establishing diversity jurisdiction. *See, e.g., Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014); *Morgan v. Gay,* 471 F.3d 469, 473 (3d Cir. 2006).

**A.     This Action is Between Citizens of Different States.**

6.     For purposes of diversity jurisdiction, "defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83 (2005).

7.     A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. *Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99, 104-05 (3d Cir. 2015).

8.     A natural person is deemed to be a citizen of the state where he or she is domiciled. *Id.*

9.     Plaintiff is natural person alleged to be domiciled in Carteret, County of Middlesex, State of New Jersey. *See* Exhibit A, at ¶ 1.

10.     The citizenship of an LLC is determined by the citizenship of its members. *Lincoln Ben.*, *supra*, 800 F.3d at 105.

11.     Defendant, Cardinal Health 200, LLC, is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

12.     The membership of Cardinal Health 200, LLC is Allegiance Corporation, a Delaware corporation with its principal place of business in Ohio.

13.     Since Plaintiff and Defendant are not citizens of the same state, there is the requisite diversity of citizenship sufficient for removal.

14.     Moreover, pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal on the basis of diversity of citizenship.

**B.     The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

15.     The Complaint in the State Court Action alleges that Plaintiff "sustain[ed] serious injuries and damages" and that, as a result, "Plaintiff has in the past and will in the future be obliged to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses for care and treatment of the injuries he has suffered." *See* Exhibit A, ¶ 11, 12.

16.     In the Statement of Damages Claimed pursuant to R. 4:5-2, signed by Plaintiff's Counsel as part of Plaintiff's Complaint, "Plaintiff requests damages in the amount of $1,000,000.00 One Million Dollars with regard to the above-captioned case." *See* Exhibit A, at p. 6.

17.     Accordingly, in light of the allegations in the Complaint and the Statement of Damages Claimed, the requisite amount in controversy for federal diversity jurisdiction is satisfied, and this case is properly removed to this Court on the basis of diversity of citizenship jurisdiction. 28 U.S.C. §1332(a)(1).

**C.     The Procedural Requirement for Removal Have Been Satisfied.**

18.     As set forth above, it is respectfully submitted that because this Notice of Removal is being filed within thirty (30) days after receipt by the Defendant of the Summons and Complaint, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

19.     This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. §§ 100(2), 1441(a).

20.     This action has been on file for less than one (1) year under 28 U.S.C. § 1446(c).

21. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal, in substantially the form attached hereto as "**Exhibit D**", with the Clerk of the Court in which the action is currently pending. A copy of Defendant's Notice (to the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County) of Filing of Notice of Removal to the United States District Court, together with this Notice of Removal, is being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

22. Defendant reserves the right to supplement this Notice of Removal.

23. By filing this Notice of Removal, Defendant explicitly does not waive and hereby preserves any and all rights that may be available to Defendant, including but not limited to grounds for dismissal pursuant to Fed. R. Civ. P. 12, including but not limited to the sufficiency of process and or jurisdiction, and reserves the right to assert any claims, defenses and/or objections to which it may be entitled.

**WHEREFORE**, Defendant respectfully requests that this Court accept this Notice of Removal and that this Court assume jurisdiction over this action.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Attorneys for Defendant, Cardinal Health 200, LLC*

By: /s/ *Kristine Y. Pegno*
Kristine Y. Pegno, Esq.
7 Giralda Farms
Madison, NJ 07940
Tel: (973) 624-0800
Fax: (973) 624-0808
Email: kristine.pegno@wilsonelser.com

Dated: June 24, 2025