**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
John P. O'Toole, Esq. (Atty. I.D. No. 38791989)
Kristine Y. Pegno, Esq. (Atty. I.D. No. 325222020)
7 Giralda Farms
Madison, New Jersey 07940
Tel: (973) 624-0800
Fax: (973) 624-0808
john.otoole@wilsonelser.com; kristine.pegno@wilsonelser.com
*Attorneys for Defendant, Cardinal Health 200, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

### NEWARK VICINAGE

| | |
|---|---|
| SHAWN STEWART | Civil Action No.: |
| | 2:25-cv-12109-SDW-JRA |
| Plaintiff, | |
| v. | |
| CARDINAL HEALTH 200, LLC; JOHN DOE INCORPORATED 1-5; JOHN DOE 1-5 (fictitious designations), | |
| Defendants. | |

Defendant Cardinal Health 200, LLC ("Defendant"), by and through its undersigned counsel of record, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its answer to the Complaint of Shawn Stewart ("Plaintiff") hereby responds as follows:

### **PARTIES**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and the same are deemed denied.

2. Defendant denies that its principal place of business is at 500 Neelytown Road, Montgomery, New York 12549. The remaining allegations in Paragraph 2 of the Complaint are conclusions of law to which no response is required and the same are deemed denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and the same are deemed denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and the same are deemed denied.

5. The allegations in Paragraph 5 of the Complaint are conclusions of law to which no response is required and the same are deemed denied.

**WHEREFORE**, Defendant Cardinal Health 200, LLC demands judgment over and against Plaintiff dismissing the Complaint with prejudice together with any other relief this Honorable Court deems just and proper.

## FACTS COMMON TO ALL COUNTS

6. Defendant repeats and reiterates its responses to Paragraphs 1 through 5 as though set forth at length herein.

7. Defendant denies that it owned the tractor-trailer as alleged in Paragraph 7 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and the same are deemed denied.

**WHEREFORE**, Defendant Cardinal Health 200, LLC demands judgment over and against Plaintiff dismissing the Complaint with prejudice together with any other relief this Honorable Court deems just and proper.

## COUNT I - NEGLIGENCE

8. Defendant repeats and reiterates its responses to the preceding paragraphs 1 through 7 as though set forth at length herein.

9. Denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and the same are deemed denied

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

**WHEREFORE**, Defendant Cardinal Health 200, LLC demands judgment over and against Plaintiff dismissing the Complaint with prejudice together with any other relief this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief maybe granted as to Defendant.

### SECOND AFFIRMATIVE DEFENSE

Without admitting any liability, the conduct of Defendant did not proximately cause Plaintiff's alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Defendant's conduct was not a substantial factor in causing or contributing to Plaintiff's alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and the claims and allegations contained therein are barred by the Statute of Limitations and/or the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The alleged incident complained of resulted from Plaintiff's conduct.

## SIXTH AFFIRMATIVE DEFENSE

The amount of damages Plaintiff is entitled to recover, if any, is barred by, or alternatively, must be reduced by virtue of the doctrine of comparative negligence, and/or the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*, and/or N.J.S.A. 2A:15-5.3, and common law.

## SEVENTH AFFIRMATIVE DEFENSE

The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged incident complained of resulted from circumstances beyond the control of Defendant.

## NINTH AFFIRMATIVE DEFENSE

The alleged incident complained of resulted from conduct of other individuals and/or entities over which Defendant has no control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in part or in total, by theories of collateral estoppel, res judicata, and/or release.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times hereto, Defendant acted in a reasonable, proper and prudent manner.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or damages are not the result of the actions or omissions which are the subject of the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery from Defendant, if any, shall be diminished by the percentage of the total negligence attributable to any other liable parties to this action, or any third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any claims against Defendant should be dismissed because Plaintiff and/or a third party's spoliation of evidence has prejudiced Defendant's ability to defend itself in this matter.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed due to insufficient process or service of process.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by virtue of the Entire Controversy Doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

While denying the allegations in the Plaintiff's Complaint regarding damages allegedly sustained by Plaintiff, Defendant states that if Plaintiff proves such damages, they were caused by the superseding and intervening acts, negligence and/or fault of other parties or entities whom Defendant had no control, nor right of control, and for whose actions Defendant is not and cannot be liable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any claims for medical expenses must be reduced by the total amount of any and all medical expenses that are written off or deducted by any healthcare provider.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries or damages arising from the wrong alleged pursuant to N.J.S.A. 2A:15-97,

and Perreira v. Rediger, 330 N.J. Super. 445 (App. Div. 2000), including but not limited to any medical bills, property damage bills, or amounts or cost paid or reduced by insurance coverage.

### TWENTIETH AFFIRMATIVE DEFENSE

Disclaimers, warnings or other agreements bar or limit Plaintiff's claims

### TWENY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not foreseeable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's recovery from Defendant, if any, shall be diminished by the percentage of the total negligence attributable to any other liable parties, including but not limited to Plaintiff in this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant adopts and incorporates herein those Affirmative defenses asserted by any defendant in this lawsuit except those that may be construed as adverse to Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all other Affirmative defenses available to it pursuant to Rules of Court.

### RESERVATION

Defendant expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

### DENIAL OF CROSSCLAIMS FOR CONTRIBUTION OR INDEMNIFICATION

Defendant hereby denies all crossclaims that may be asserted against it for contribution or indemnification.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of the Complaint, or to any other relief.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues so triable.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy alleged in the foregoing controversy is not the subject of any other civil action pending in any court, or of any pending arbitration or administrative proceeding.

                      Respectfully submitted,

                      **WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER, LLP**

By:   *s/ Kristine Y. Pegno*
       Kristine Y. Pegno, Esq.
       7 Giralda Farms
       Madison, New Jersey 07940
       Tel.: (973) 624-0800
       Fax: (973) 624-0808
       Kristine.Pegno@wilsonelser.com
       *Attorneys for Defendant,*
       *Cardinal Health 200, LLC*

Dated: July 1, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of Defendant, Cardinal Health 200, LLC's Answer to Plaintiff's Complaint was filed via CM/ECF with the Clerk for the United States District Court for the District of New Jersey and was served upon all counsel of record via CM/ECF on July 1, 2025.

                                              Respectfully submitted,

                                              **WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER, LLP**

By:    *s/ Kristine Y. Pegno*
           Kristine Y. Pegno, Esq.
           7 Giralda Farms
           Madison, New Jersey 07940
           Tel.: (973) 624-0800
           Fax: (973) 624-0808
           Kristine.Pegno@wilsonelser.com
           *Attorneys for Defendant,*
           *Cardinal Health 200, LLC*

Dated: July 1, 2025